IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATHANIEL H. GALES, III | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-17-3441 |
| WARDEN RICHARD DOVEY and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

In answer to Petitioner Nathaniel H. Gales's self-represented Petition for Writ of Habeas Corpus, Respondents assert that the petition is time-barred and subject to dismissal. ECF 11. Gales has filed a Reply indicating that his Petition is timely. ECF 12, ECF 14. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons stated below, the Petition shall be dismissed and a certificate of appealability shall not issue.

### BACKGROUND

By his petition, Gales challenges his October 28, 1985 sentence of life for first degree rape and armed robbery imposed following his guilty plea by the Circuit Court for Howard County, Maryland. ECF 1 at p. 1. Gales provides a brief history of his case, explaining he stood trial in 1983, was found guilty by a jury, and was sentenced to life plus 20 years consecutive. *Id.* at p. 5. On May 31, 1984, the Maryland Court of Special Appeals reversed and remanded the case. *Id.* In

1985, the State elected to retry the case and offered Gales a plea agreement on the eve of trial; Gales entered an *Alford* [1]plea.

Gales did not appeal his guilty plea. He filed a petition for post-conviction relief in the Circuit Court for Howard County on April 25, 2014. ECF 1 at p. 3. The Circuit Court denied relief on October 18, 2016. *Id.* at p. 4. Gales filed an application for leave to appeal the denial of post-conviction relief with the Court of Special Appeals which was denied on August 29, 2017. *Id.*

On November 20, 2017, Gales filed his petition for federal habeas relief with this Court. He claims (1) discovery violations[2]: the State failed to disclose impeachment evidence on two State witnesses; failed to disclose exculpatory evidence regarding his co-defendant's willingness to accept a ten-year sentence; failed to disclose exculpatory evidence regarding hair evidence; (2) ineffective assistance of counsel for failing to investigate State's witnesses, failing to investigate discovery compliance, failing to request an independent lab test of pubic hair in the rape kit evidence; (3) a 2015 FBI statement regarding the unreliability of hair analysis evidence calls into question the validity of the hair evidence introduced in Gales' initial trial; and (4) the post-conviction court relied on incorrect law to deny relief. ECF 1 at pp. 6-11.

## STANDARD OF REVIEW

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

---

[1] The plea permits a criminal defendant to enter the equivalent of a guilty plea by admitting there is enough evidence to convict him at trial, but maintaining his innocence. *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] Presumably all of the claims relate to Gales' initial merits trial that occurred in 1982.

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On April 24, 1996 President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for persons convicted in a state court. Although the statute is silent as to how it should be applied to persons whose convictions were finalized before April 24, 1996, it was later clarified that such persons had one year from the effective date, *i.e.*, until April 24, 1997, to file a petition for writ of habeas corpus in federal court. This one year period is, however, tolled while properly filed post-conviction proceedings are pending. 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Hernandez*, 225 F. 3d at 439 (4th Cir. 2000). However, once the one-year limitation period for filing a federal habeas petition has expired the tolling provision does not operate to afford the petitioner more time to file.

3

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) citing *Harris*, 209 F.3d at 330. To be entitled to equitable tolling, a federal habeas petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330. A federal habeas petition does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 175 (2001) (a federal habeas petition is not an application for State post-conviction or other collateral review within the meaning of §2244(d)(2) and therefore does not toll the limitation period while it is pending).

## ANALYSIS

Gales's conviction was final before the passage of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA); therefore, the deadline for seeking relief under § 2254 that applies to his case is April 24, 1997. In his Reply, Gales focuses on Maryland law and the inapplicability of the 10-year limitations provision on his petition for post-conviction. ECF 12 and 14. He reasons that because he was permitted to seek post-conviction relief more than 10 years after his conviction was final and because AEDPA was not made retroactive, his petition is timely. While Gales remained free to avail himself of State post-conviction remedies beyond the now applicable 10-year limitations period, the federal habeas deadline nevertheless expired on April 24, 1997. Absent a basis for equitable tolling of the filing deadline, the petition is untimely.

Gales also notes that he was committed to federal custody and incarcerated in a federal prison in Kansas from 1983 to 1994. ECF 14 at p. 2. He states he was advised by the Maryland public defender's office that he should wait until he was in Maryland's custody to file for post-

conviction relief and he was assured the 10-year limitation period would not apply to him due to the date of his conviction. *Id.* His presence in another State until 1994, some three years before the filing deadline for seeking federal habeas relief expired, does not serve as a valid basis for equitable tolling of the limitation period. He did not seek collateral review from the State courts until 20 years after his return to Maryland. Again, the Maryland court was free to determine and administer its own laws regarding the timeliness of his post-conviction petition, but it has no impact on the one-year limitation applicable to federal habeas petitions. Gales's Petition is untimely and must be dismissed.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Gales has not satisfied this standard, but he may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee,* 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order dismissing the Petition as untimely and declining a certificate of appealability follows.

April 29, 2019
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE